IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ERICA FOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  11-CV-3111 |
| | ) | |
| C/O FAITH, C/O CRANK, | ) | |
| LAKEISHA GRADY, AND | ) | |
| PATRICIA WATERS, | ) | |
| | ) | |
| Defendants, | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

Plaintiff Erica Fox, proceeding pro se, filed this case while incarcerated in the Illinois Department of Corrections, pursuing claims for excessive force and deliberate indifference to her serious medical needs caused by that excessive force.  Plaintiff was released on parole in April 2012, and discovery closed the next month.

Three of the four Defendants have moved for summary judgment—Nurses Grady and Waters and Officer Crank.  At the summary judgment stage, evidence is viewed in the light most favorable to the nonmovant, with material factual disputes resolved

1

in the nonmovant's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  However, only evidence admissible at trial can be considered.  Fed. R. Civ. P. 56(c).

As explained in more detail below, summary judgment must be granted to Nurses Grady and Waters because Plaintiff offers no evidence that these nurses' minimal interactions with Plaintiff amounted to deliberate indifference to any serious medical need.  However, Officer Crank's motion for summary judgment cannot be granted because he has not submitted an affidavit explaining his involvement, if any, in the alleged excessive force.

## ANALYSIS

### I.    Defendant Crank's Motion for Summary Judgment

The excessive force claim against Defendant Crank arises from an altercation which occurred in Lincoln Correctional Center on September 10, 2010.  Officers involved in the incident accused Plaintiff of being the aggressor, picking a fight with another inmate and physically resisting officers' attempts to restrain Plaintiff.  The prison Behavior Committee punished Plaintiff for assaulting staff, fighting, and creating a dangerous disturbance.  Her punishment included the loss of good time.

Plaintiff testified in her deposition that she does not remember much about her part in the altercation, but she does remember that Officers Crank and Faith, without justification, struck Plaintiff on the back of her head several times, after Plaintiff had already been restrained and was lying, face down, on the floor.

Defendant Crank argues that Plaintiff has no admissible evidence that Crank was involved in the excessive force. According to Plaintiff's deposition testimony, Plaintiff has no personal knowledge of what Crank did; she infers Crank's involvement only from what other witnesses told her. (Pl.'s Dep. pp. 14, 27.)

The other officer named as a Defendant, Officer Faith, does not move for summary judgment, which would likely not be appropriate because Plaintiff testified in her deposition that Officer Faith admitted hitting Plaintiff. (Pl.'s Dep. p. 10); Fed. R. Evid. 801(d)(2)(A)(opposing party's statement admitted against that party is not hearsay). Plaintiff states in her response that Officer Crank was the one who made this admission, but the Court cannot consider this new assertion because it directly contradicts Plaintiff's deposition testimony that Officer Faith, not Officer Crank, admitted hitting her. Affidavits which contradict the affiant's prior deposition

3

testimony are "'so lacking in credibility as to be entitled to zero weight in summary judgment proceedings unless the affiant gives a plausible explanation for the discrepancy.'" Broaddus v. Shields, 665 F.3d 846, 856 (7th Cir. 2011)(quoted cite omitted).  Plaintiff gives no explanation for her change in testimony.

   Plaintiff's only evidence of Officer Crank's involvement in the excessive force is Plaintiff's inadmissible hearsay statement that other inmates told Plaintiff that they saw Officer Crank hit Plaintiff. The Court cannot consider inadmissible hearsay statements. Cortezano v. Salin Bank & Trust Co., 680 F.3d 936, 942 (7th Cir. 2012)(confirming that district court properly refused to consider on summary judgment an email offered to prove truth of what someone said); Brown v. County of Cook, 661 F.3d 333, 336 (7th Cir. 2011)(plaintiff's statement that someone in the Sheriff's office told him that a commander "ran [plaintiff's] license plate" was inadmissible hearsay which could not be considered on summary judgment); Fed. R. Civ. P. 56(c)(2)(party can object to consideration of evidence at summary judgment on grounds of inadmissible hearsay).

Plaintiff asserts that she has been unable to obtain affidavits from any witnesses because her parole conditions prohibit her from contacting current or prior inmates. However, discovery in this case proceeded for nearly eight months, from September 13, 2011 to May 1, 2012. For nearly all of this time—up until April 20, 2012—Plaintiff was incarcerated. Plaintiff does not explain why she did not obtain, or even attempt to obtain, affidavits from other inmate witnesses during the discovery period. This Court has many prisoner civil rights cases where inmates have been able to obtain affidavits from inmates in different prisons with permission from the wardens of both facilities.

Additionally, Defendant Crank is correct that Plaintiff cannot contradict the facts relied on by the Behavior Committee to find Plaintiff guilty of assault, fighting, and creating a dangerous disturbance. In <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997), the Supreme Court held that claims which "necessarily imply the invalidity of the deprivation of . . . [an inmate's] good-time credits" are not cognizable under 42 U.S.C. § 1983 until the prison disciplinary decision has otherwise been invalidated, for example by expungement, a state court order, or a writ of habeas corpus."

Plaintiff's argument that she did not knock an officer to the ground directly contradicts part of the Committee's grounds for disciplining Plaintiff. Under Edwards and progeny, Plaintiff must concede the facts set forth in the Committee's basis for decision if she wishes to proceed with her excessive force claims in this case. Moore v. Mahone, 652 F.3d 722 (7th Cir. 2011)(prisoner cannot challenge, in civil rights action, findings in disciplinary hearing which were essential to the disciplinary decision resulting lost good time). For purposes of this case, Plaintiff did knock an officer down and assault another officer. However, this concession does not preclude Plaintiff's excessive force claim because Plaintiff maintains that she was already restrained, face down on the floor, when she was struck in the back of the head. If Plaintiff were not resisting at that time and posed no threat, then officers may have used excessive force, regardless of Plaintiff's prior actions. *See* Gilbert v. Cook, 512 F.3d 899, 902 (7th Cir. 2008)(prisoner's excessive force claim did not challenge validity of prisoner's punishment for assaulting guard).

Despite Plaintiff's lack of evidence of Defendant Crank's involvement, summary judgment cannot be granted to Crank

because he has not submitted his own affidavit. Without Crank's affidavit the Court does not know whether Crank was at the scene, whether he struck Plaintiff or saw someone else strike Plaintiff, or whether he could have intervened to prevent the striking. These issues preclude summary judgment for Crank.

However, Officer Crank may renew his motion for summary judgment this April, attaching his affidavit. Plaintiff will be released from parole in April 2013, according to the IDOC website, and should be able to contact potential witnesses at that time.

**II.  Motion for Summary Judgment by Nurses Waters and Grady**

Plaintiff alleges that Nurses Grady and Waters were deliberately indifferent to Plaintiff's pleas for medical attention following the excessive force, in particular Plaintiff's complaints about her head pain.

In order to survive summary judgment, Plaintiff must have admissible evidence that Nurses Grady and Waters were deliberately indifferent to Plaintiff's serious medical need, which can include the refusal to provide pain relief. "[D]eliberate indifference to prolonged, unnecessary pain can . . . be the basis for an Eighth

7

Amendment claim . . . 'The length of the delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment.'" Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012)(quoted cite omitted).

Plaintiff alleges in her Complaint that she was denied medical attention and pain relief for her continued complaints of headaches, dizziness, nausea, and vomiting for three days after the incident. Plaintiff testified in her deposition that Nurse Grady performed a "body check" of Plaintiff the same day as the incident, (Pl.'s Dep. p. 28), which is the standard procedure after an altercation, according to Defendant Nurse Grady's affidavit (Grady Aff. para. 6).   Plaintiff asserts in her response that, during the body check, she complained of head pain and was vomiting and that a Lieutenant told Plaintiff that someone would check on Plaintiff's head after she was taken to segregation, but this did not happen.

Nurse Grady avers that she never saw Plaintiff on September 10th and did not perform the body check.  The medical entries confirm Grady's version; the entries are signed by nurses other than Grady.  However, the Court must credit Plaintiff's version on

summary judgment, and Plaintiff testified that Grady performed the body check, which is something Plaintiff would have known.

The dispute is immaterial in any event because no evidence of deliberate indifference arises from the nurses' actions on September 10th. The medical records from that day reflect that Plaintiff had three superficial abrasions, a dime-size bruise, and no swelling:

> I/M stated C/O punched her in the head after the fight. C/O pain [right] parietal area. No abrasions or edema noted. . . .
>
> Offender in health care for body check. Purple bruise the size of a dime found on left wrist. 3 superficial abrasions on l. forearm. One old scabbed over abrasion on l. breast. Offender stated it was old.

(9/10/10 medical progress notes, d/e 51-4 p. 33.)

Plaintiff offers no admissible evidence that Nurse Grady, or any other nurse, should have taken any other action on September 10th. Nothing in the record suggests that Plaintiff asked Nurse Grady for pain medicine, that Nurse Grady refused to give Plaintiff pain medicine, or that pain medicine would have been appropriate in light of Plaintiff's vomiting. Plaintiff presents no evidence that the nurses' watch and wait approach on September 10th was outside the standard of care, much less deliberately indifferent.

9

Plaintiff also does not dispute that a Nurse Stone, who is not named as a defendant, saw Plaintiff at 3:15 a.m. on September 11, 2010, hours after the body check. At that time, Plaintiff complained of vomiting for three days, chills, and menstruating for 13 days. (9/11/10 medical progress note, d/e 51-4, p. 35.) Nurse Stone gave Plaintiff some Pepto Bismal and decided not to refer Plaintiff to a doctor for Plaintiff's menstruation complaint, noting that Plaintiff usually had a normal menstrual cycle and that Plaintiff's pad count would be monitored. Id. p. 37. Nothing in this interaction indicates that Plaintiff had a serious medical need which Nurse Grady, or any other nurse, failed to appreciate on September 10th.

According to Plaintiff, in addition to performing the body check, Nurse Grady saw Plaintiff one day while Plaintiff was in segregation and told Plaintiff to submit a health care request if Plaintiff wanted to see a doctor. No plausible inference of deliberate indifference arises from this action.

Nor is there evidence of deliberate indifference by Defendant Nurse Waters, whose only interactions with Plaintiff occurred on September 12 and 13, 2010. On September 12th, Defendant Waters gave Plaintiff Tylenol for complaints of head pain and told

Plaintiff to submit a health care request if Plaintiff wanted to see a doctor. A different nurse observed Plaintiff sleeping later on September 12th. Defendant Waters saw Plaintiff the next day, on September 13, 2010, and Plaintiff does not dispute that Plaintiff made no complaints of head pain or other problems to Waters at that time. (Undisputed Fact 15, d/e 51.) No plausible inference of deliberate indifference arises from these facts.

Plaintiff argues that she should have received an MRI to diagnose the cause of her head pain, but Plaintiff lacks the necessary medical training to draw this conclusion. Similarly, Plaintiff contends that she was diagnosed with post-concussive syndrome after her release from prison in April 2012, but this is inadmissible hearsay. Plaintiff does not submit any medical records to support her assertion. In any event, Plaintiff's current diagnosis would not support an inference that she presented with a serious medical need to Nurse Grady or Waters in the days after the altercation.

Further, only a prison doctor could refer Plaintiff for an MRI, not a nurse. No evidence suggests that Nurses Grady or Waters interfered with Plaintiff's access to a doctor. Plaintiff contends that

11

her slip call requests to see a doctor were ignored, but there is no evidence that Grady and Waters played any part in processing those requests. Plaintiff testified that correctional officers took those requests. (Plaintiff's Dep. p. 37-38.) Plaintiff also asserts that Grady and Waters told her that she could not see a doctor until she was released from segregation, but the evidence shows that Plaintiff was seen several times by nurses during segregation sick call rounds and did not present with a medical need that required a referral to a doctor.

In short, the interactions between Plaintiff and Defendants Grady and Waters were minimal and occurred in the few days after the incident. Nothing about these interactions could be construed by a jury as deliberate indifference to any serious medical need by Plaintiff.

IT IS THEREFORE ORDERED:

1) Defendant Crank's motion for summary judgment is denied (d/e 49). Defendant Crank may file a renewed motion for summary judgment, attaching his affidavit by April 30, 2013.

2) The motion for summary judgment by Defendants Grady and Waters is granted (d/e 51). At the close of this case, the clerk

is directed to enter judgment in favor of Defendant Grady and Waters and against Plaintiff.

3) A final pretrial conference is scheduled for July 29, 2013 at 1:30 p.m..  Plaintiff and Defense counsel shall appear in person.  Failure to appear without good cause will result in dismissal of this case with prejudice.  The parties are directed to submit an agreed, proposed final pretrial order at least seven days before the final pretrial conference.  Defendants bear the responsibility of preparing the proposed final pretrial order and mailing the proposed order to Plaintiff to allow Plaintiff sufficient time to review the order before the final pretrial conference.  See CD-IL Local Rule 16.3.

4)  The proposed final pretrial order must include the names of all witnesses to be called at the trial and must indicate whether each witness will appear in person or by video conference.  Nonparty witnesses who are incarcerated in the IDOC will testify by video.  Other nonparty witnesses may appear by video at the Court's discretion.  The proposed pretrial order must also include the names and addresses of any witnesses for whom trial subpoenas are sought.  The parties are responsible for timely obtaining and serving any necessary subpoenas, as well as

providing the necessary witness and mileage fees.  Fed. R. Civ. P. 45.

    5)  The exhibit section of the proposed final pretrial order must list by number all the exhibits a party may seek to introduce at the trial and give a short description of the exhibit.  (For example, "Plaintiff's Ex. 1: 11/10/12 health care request").  The parties must prepare their own exhibits for introduction at the trial, marking the exhibits with the same number that is on the list submitted to the Court.  Exhibits that are introduced at trial will be kept in the Court record.  Therefore, the party offering the exhibit is responsible for making a copy of the exhibit to keep for the party's own records.  Additionally, the parties are directed to exchange copies of their marked exhibits at least ten days before the final pretrial conference.  If a party intends to object to the introduction of a proposed exhibit, that party must provide the Court a copy of the exhibit and an explanation of the grounds for objection at least five business days before the final pretrial conference.  Objections will be argued orally at the final pretrial conference.

    6) The Court will circulate proposed jury instructions, a statement of the case, and proposed voir dire questions prior to the

final pretrial conference, for discussion at the final pretrial conference.  Proposed additional/alternate instructions and voir dire questions must be filed five business days before the final pretrial conference.  The jury instructions, statement of the case, and voir dire questions will be finalized at the final pretrial conference to the extent possible.

    7) Motions in limine are to be filed at least five business days before the final pretrial conference, to be argued orally at the final pretrial conference.

    8) The date for the jury selection and the jury trial will be determined at the final pretrial conference.  In light of the Court's busy trial calendar, the parties are reminded that they may consent to a trial before Magistrate Judge Cudmore.  28 U.S.C. § 636(c)(1)(parties may consent to full time Magistrate Judge conducting "any or all proceedings in a jury or nonjury civil matter).

Consent is completely voluntary: the parties are "free to withhold consent without adverse substantive consequences." 28 U.S.C. § 636(c)(3).

ENTER:  January 23, 2013
FOR THE COURT:

          **s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE



**Kenneth A. Wells**
CLERK OF COURT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

OFFICE OF THE CLERK

# NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF A CIVIL CASE BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, you are hereby notified that, upon the consent of all the parties in a civil case, the Court may appoint a United States Magistrate Judge of this District, who is specially certified to conduct any or all proceedings, including trial of and the entry of a final judgment. A copy of the appropriate consent form is attached.

You should be aware that your decision to consent, or not to consent, to the disposition of your case before a United States Magistrate Judge is entirely voluntary and should be communicated to the Clerk of the Court. Only if all the parties to the case consent to the reference to a Magistrate Judge will either the District Judge or Magistrate Judge to whom the case has been assigned be informed of your decision. Neither a District Judge nor a Magistrate Judge will attempt to persuade or induce any party to consent to the reference of this case to a Magistrate Judge.

If all parties consent, the form is to be e-signed (s/NAME) by all and e-filed with the Court pursuant to guidance in the Court's Local Rules 11.4(A) or (B). A certificate of service is not required to be filed with this document.

**NOTE: The Court has approved s/NAME as an official signature on the Consent Form. Copies of the form and the Court's Local Rules are available at www.ilcd.uscourts.gov.**

| Peoria Division | Urbana Division | Springfield Division | Rock Island Division |
|---|---|---|---|
| 100 N.E. Monroe St. | 201 S. Vine St. | 600 E. Monroe St. | 211 19th St. |
| Room 309 | Room 218 | Room 151 | Room 203 |
| Peoria, IL 61602 | Urbana, IL 61802 | Springfield, IL 62701 | Rock Island, IL 61201 |
| 309.671.7117 | 217.373.5830 | 217.492.4020 | 309.793.5778 |

AO 85 (Rev. 07/11 Court) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the
Central District of Illinois

| | |
|---|---|
| ERICA FOX <br> *Plaintiff* <br> v. <br> C/O FAITH, et al. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 11-3111 |

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____     _____
*District Judge's signature*

_____
*Printed name and title*

Note:    Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.